The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, AR 72032
Dear Senator Baker:
You have presented the following questions for my opinion:
 (1) Can nonuniformed employees who are terminated or resign before they reach the age of sixty, but who have served as employees for at least ten years, elect to retire and receive benefits pursuant to A.C.A. § 24-12-115 when they subsequently attain age sixty, even though they are no longer employees at the time of the election, or are such former employees required to take a refund pursuant to A.C.A. § 24-12-111?
 (2) Is participation in a local nonuniformed employees' pension limited to the officials enumerated in A.C.A. § 24-12-101, or is the intent of that section to provide a mechanism for the listed officials to opt in to such a program, with all other non-uniformed employees participating?
RESPONSE
Question 1 — Can nonuniformed employees who are terminated or resignbefore they reach the age of sixty, but who have served as employees forat least ten years, elect to retire and receive benefits pursuant toA.C.A. § 24-12-115 when they subsequently attain age sixty, even thoughthey are no longer employees at the time of the election, or are suchformer employees required to take a refund pursuant to A.C.A. §24-12-111?
It is my opinion, assuming that the individual and city in question are subject to the provisions of A.C.A. § 24-12-101 through -118, that the individual can elect to retire and receive benefits pursuant to A.C.A. §24-12-115 when he or she attains age 60, even though he or she is no longer an employee at the time of the election.
The set of statutes that govern the situation you have described are A.C.A. § 24-12-101 through -118, which provide for cities to create a pension fund for "paid nonuniformed employees." (For a discussion of who constitutes a "paid nonuniformed employee," see response to Question 2.) The benefits provision for voluntary retirement under such a pension system is A.C.A. § 24-12-115. The pertinent portions of that statute state:
 (b) It shall be mandatory on the board to retire an employee who has performed faithful service as an employee for a period of twenty (20) years at the employee's option or election, to be exercised by making written application therefor, or to retire an employee who has attained the age of sixty (60) years and has served as an employee for at least ten (10) years at the employee's option or election, to be exercised by making written application therefor.
 (c)(1) The board shall, in cases arising under subsections (a) and (b) of this section, place an employee so retired upon the pension roll at one-half (1/2) pay.
 (2) The minimum monthly pension paid to a retired employee shall not be less than fifty dollars ($50.00) per month regardless of whether the employee's monthly salary shall equal this minimum sum or not.
A.C.A. § 24-12-115(b).
The above-quoted sections create two requirements for receiving benefits: a length of service requirement, and an age requirement. In addition, employees who elect to participate in the pension fund for paid nonuniformed employees are required to contribute a portion of their salaries into the fund. A.C.A. § 24-12-111. The city is also required to contribute a percentage of the participating employees' salaries to the fund. Id. The above-quoted section permits retirement after 20 years of service without regard to age, and retirement after 10 years of service if the employee reaches age 60. The idea is that after these designated lengths of service, the contributions to the fund by and on behalf of the employee will be sufficient (in addition to the tax revenues that are placed in the fund, see A.C.A. § 24-12-104) to support the payment of the required benefits.
The required lengths of service (10 years and 20 years) are, in effect, vesting requirements. Participating employees who serve these designated lengths of time, who have contributed as required, and who (in the case of the 10-year vesting requirement) have also reached the designated age, have met the requirements for receiving benefits from the fund. These individuals have a vested contractual interest in the pension fund. The statute states no other requirement for receiving benefits, such as a requirement that the employee remain employed by the city after vesting in order to receive benefits.
Any individual who participates and contributes to the fund is entitled to receive, upon termination of employment, a refund of his or her contributions during employment, even if he or she does not meet the vesting or age requirements for receiving benefits. See A.C.A. §24-12-111. However, employees who meet the vesting, age, and contribution requirements are entitled to receive benefits under A.C.A. § 24-12-115, even if they are no longer employed by the city.
Question 2 — Is participation in a local nonuniformed employees' pensionlimited to the officials enumerated in A.C.A. § 24-12-101, or is theintent of that section to provide a mechanism for the listed official toopt in to such a program, with all other non-uniformed employeesparticipating?
It is my opinion that the nonuniformed employees' pension fund created under A.C.A. § 24-12-101 through -118 is limited to the officials enumerated in A.C.A. § 24-12-101.
That statute states:
 As used in this act, unless the context otherwise requires," paid nonuniformed employees" means the mayor, city attorney, city treasurer, city clerk, or municipal judge of any city to which this act is applicable when the mayor, city attorney, city treasurer, city clerk, or municipal judge elects to be so included.
A.C.A. § 24-12-101.
The above-quoted definition of the term "paid nonuniformed employees" is unambiguous. The term, as used in the relevant statutes, is limited to the enumerated officials. Accord, Ops. Att'y Gen. Nos. 95-009; 90-036; 88-341.
It should be noted that cities may cover other city employees under other retirement systems, such as the Local Police and Fire Retirement System (A.C.A. § 24-10-101), a municipal judges' and clerks' pension plan (A.C.A. § 24-8-301 et seq.), and the Arkansas Public Employees' Retirement System (A.C.A. § 24-4-101 et seq.), as a "participating public employer," see A.C.A. § 24-4-303).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General